I'll turn to the next case on our calendar and that's United States v. Echevarria Councils. Good morning your honors. John Wallenstein on behalf of Corey Heyward. Good morning Mr. Wallenstein. It's a little different than the usual Davis-based appeals simply because in this case it's clear that Davis says that the racketeering conspiracy is not a crime of violence and the government concedes as much. And while it is true that a 924-C can be based on a drug trafficking crime, we certainly don't dispute that, in this case the way the government drafted the indictment, the 924-C is based on both the racketeering conspiracy and the drug trafficking conspiracy and they cannot be separated. And because they cannot be separated, the 924-C has to fall. The government argues that under Vasquez or based upon Vasquez, it's okay if there's one permissible predicate and one impermissible predicate, you can still base the 924-C on the permissible predicate, in this case a drug trafficking case, a crime. But Vasquez is different than what we have here because Vasquez was not a racketeering conspiracy, it was a robbery conspiracy and the robbery was for the robbery of drug dealers in order to get their proceeds, get their drugs and continue their drug trafficking activities and so it was, as this court said in Vasquez, inextricably intertwined. I take that point, it's a point well made, and it is interesting that this is really an unusual 924 case. We've seen a lot of these, but I haven't seen one quite like this. You're absolutely right that the indictment is written in the conjunctive. There's no doubt that the legal conspiracy and the narcotics conspiracy, the 924 allegation has a conjunctive and. The curious thing is that in the jury sheet, on count three, possession or use of aiding, and I'm reading to you, this is page 2930 of the appendix, possession or use of aiding or abetting possession or use of a firearm, this is the first part, just in furtherance of, this is not the discharge side of it. In count one, they find him guilty of the whole count, but then they say, if you find the defendant guilty of the offense charged in count three, please indicate whether you also find him responsible for discharging, aiding or abetting, but the initial charges or count one, racketeering or the narcotics conspiracy. So it's completely different from the way the indictments charged. Now, which decides this? I think the government's bound by the indictment. The verdict sheet is simply, with all respect, a law clerk said, okay, what's this? I'm going to type up this. Judge Engelmeyer said, this is what we're going to tell them. Well, I understand that, but what's odd is, it's so odd to me because it seems to me that the indictment charges, the indictment looks to me to be charging discharge. It cites triple I. Yes. Okay. But the jury verdict asks for a more broader question, use or possession in furtherance of, and they find him guilty of the racketeering or the drug conspiracy, they say guilty. That doesn't tell us which one. I agree. I agree. But then they, if they had said, if they'd asked, if they'd asked a special verdict and first said racketeering, guilty, guilty, guilty, and then, or, and then said narcotics, guilty, guilty, guilty, we'd have no doubt about use and furtherance. Right? Well, that's correct, Your Honor. But, but also, Judge Wesley, the, the verdict sheet asked for, do you find that the weapon was discharged during the racketeering conspiracy? Oh, I understand. No, I'm not done yet. No, to the drug conspiracy. Don't get ahead of me, Mr. Wall. I'm sorry. I apologize, Judge. Don't get ahead of me. So then it goes on and asks, on discharge, it says yes to the racketeering, but no on the drug conspiracy. Right. And the government says, well, as to discharge, those five years, forget it, we'll, we'll, we'll pass on those five years, but we want to hang on to the five years on the use and possession of furtherance of. So this, this is an ambiguous verdict. I believe you are correct. And so then the question is, if Vasquez applies, then that's a problem for you. If Vasquez doesn't apply, then it's an ambiguous verdict. And I believe Vasquez doesn't apply because of the difference in the underlying conspiracy.  Racketeering is different than a robbery conspiracy, and a robbery conspiracy can clearly be inextricably intertwined, as it says, with a narcotics conspiracy if the object of the robbery are the drugs and the narcotics proceeds. You're not asking, I'm sorry, Counselor, you're not asking for a retrial. You're asking just for resentencing. Isn't that correct? I'm asking for a retrial. You want his conviction on the 924 vacated, and you want his sentence reduced. You want the 120 months that are consecutive to the 120 months he's doing to be vacated. And you want him to resentence because you say without the 924, it rejiggers the sentencing guidelines calculation. That's correct. Okay, that is what I'm asking. And you don't need a retrial to do that? No. You accept everything else? No, you don't need a retrial to do that. If you knock out the 924C, that leaves us with a conviction of racketeering and narcotics. But without the 924C, it's a 10-year mandatory minimum based on the drug quantity. And it knocks out the 10-year mandatory consecutive term on the 924, but it does require resentencing, of course. Does this case have to go on one of our queues? Does it have to go on the Davis queue? I don't know. I don't think so because I'm not – the government concedes that racketeering conspiracy is not a crime of violence. That seems to me – the Davis queue seems to be Hobbs Act robbery and attempted Hobbs Act robbery and so forth. I had one last week. You've got a government concession. You have a government concession on racketeering is not – under Davis is not a crime of violence. Right. And that is – I think it's part of the Davis queue. The 924 either survives based upon a drug trafficking crime or it doesn't. That's right. And the way the indictment is drafted, the drug trafficking crime requires both the racketeering and the narcotics conspiracies. The way that the 924C count is drafted, it says a crime of violence and a drug trafficking crime, and we've already beaten that horse, but it defines drug trafficking crime as the racketeering conspiracy and the narcotics conspiracy. So it conflates everything, and they could have solved the problem by using the word or instead of the word and, but they didn't do that, and they're stuck with it. What evidence do you point to to demonstrate that the conspiracies weren't totally overlapping? The government relying on Vasquez says, listen, this is drugs, gangs, guns. It's all the same. So what do you point to to distinguish the two? Well, the distinguishing factor, I think, Judge Carney, is that in Vasquez, the robbery conspiracy was for the robbery of narcotics and narcotic proceeds for the purpose presumably of reselling those same drugs. So it was all kind of tied together. I'm going to deal drugs, but I'm not going to buy them. I'm going to steal them from you. The difference here is that the racketeering also included acts of violence, murder, assault, turf fights, and so on and so forth. They didn't need, although they were dealing drugs, apparently, they didn't need to do that in order to be convicted of this racketeering. I think the murder and assault charges would support the racketeering conspiracy without the drugs, and that, I think, is the distinction. So didn't Judge Engelmeyer in sentencing Mr. Romero separately say that these were really intertwined? He did, and I respect Judge Engelmeyer greatly, but I don't think he's right on that issue. I don't think they're connected, but I don't think they're inextricably intertwined to the point where you have to say this supports the 924 C for Mr. Hayward. Thank you. The jury found that the discharge of the gun was not in furtherance of the drug conspiracy. Correct. I think that's a major point. The government says that just means the sentencing enhancement doesn't apply, but I disagree. I think that's a clear indication that the jury said this is a crime of violence. This is a drug trafficking crime. The gun was connected to the violence. There's no proof that Hayward was connected to the gun with respect to the narcotics conspiracy. That's the way I argue it. Thank you, Counsel. You have reserved two minutes for rebuttal. I have. Thank you, Your Honors. Good morning, Your Honors, and good morning, Mr. Wallenstein. May it please the Court, my name is Max Nicholas. I represent the United States on this appeal. I was also one of the prosecutors who represented the United States at trial. If I may, I'll just first respond to the court asked whether this case ought to be placed on the Davis Q. The government believes that it does need to be placed on the Davis Q. I think in arguing that it does not need to be, Mr. Wallenstein said that he believed that the cases in the Davis Q involved Hobbs Act robbery cases. But my understanding is that United States v. Capers, which is 17-1836, involves a racketeering case that raises the issue of a racketeering predicate, a racketeering conspiracy predicate, and other predicates which are still valid after Davis. Wait a second, wait a second. Your brief concedes that the discharge enhancement should be dismissed. Are you withdrawing that concession? No, Your Honor, we're not. So wait a second. What's it premised on? It's premised on an understanding that you can't have a 924 discharge in furtherance of a RICO conspiracy as a crime of violence, right? Your Honor, we are not arguing in this case that the discharge, which the jury associated the act of the discharge itself specifically with the racketeering conspiracy alone. Your Honor is correct that we are not arguing. You're telling us that there's no legal basis to sustain a 924 C-3 enhancement of five years additional consecutive incarceration for discharge of a handgun or gun in furtherance of a RICO conspiracy under Davis. That's your concession. Is that correct? Your Honor, I'm only hesitating to concede it in a broad sense because... I didn't ask you in a broad sense. I asked you in that sense. We'll go to the broad sense next. Yes, Judge. In this case, we are conceding the enhancement in this case. If you'd answer the question, you'd be much better off. Your Honor, I'm not in any way trying to... The 924 C-3 enhancement has to be vacated. Yes or no? The enhancement meaning the discharge? Yes. Yes. Now, given that, and that is premised on the belief that the RICO does not constitute a crime of violence. Is that correct? Yes, Your Honor. All right. Now, what about use or furtherance as to RICO? Your Honor, are you referring to the 924 C, the conviction itself before one gets to the enhancement? Correct. Your Honor, we are not conceding... In this case, our argument is that the racketeering conspiracy, as Judge Engelmeyer found, embedded and was inextricably interwoven with a drug trafficking crime, an archivist conspiracy. And so we're not conceding that in a circumstance like that, the conviction for 924 C would have to be vacated. I would give you that the drug conspiracy could be separate from drug trafficking crimes that might not necessarily rise to or be a portion of the conspiracy in some way, shape, or form. Because RICO casts a much broader net. But don't you have a problem with the fact that the conviction, the verdict sheet is ambiguous because it's written in the conjunctive? There's no way to know. And given that, the RICO scheme has all kinds of stuff in it. And Davis tells us that if it's possible that there could be non-crimes of violence in there, or non-crimes of drug possession in there, that we have to vacate, don't we? Your Honor, I don't believe... One is that in connection with the conviction on count one, the jury found narcotics trafficking to be an object of the RICO conspiracy. And second is consistent... That doesn't ensure that the guns were used in furtherance of that aspect of the RICO conspiracy. The guns have to be used in furtherance of the particular acts that constitute either crimes of violence or drug crimes, right? Your Honor, that's correct. But the argument is that... Let me give you an example. Turf War. They were gathered in that parking lot where the one shooting occurred, where the friendly fire shooting occurred, okay? Now, I suppose you could extrapolate ultimately that by protecting their turf, they're protecting their market, and so therefore it's part of the drug conspiracy. By the way, it's not how you argued, not necessarily you, but that's not what the U.S. Attorney said in the closing statement. He said it's all about violence, all about gun violence. The closing argument wasn't these are all fit together, and anything that protects the RICO, anything that protects the turf also protects the drug conspiracy. That's not how the argument was made. So, I mean, I give you on a broader scheme of things that that's possible, but you've asked us to look at this particular case. You're using Vasquez. So when we look at that, if it remains ambiguous, we have to dismiss it, don't we? Your Honor, I don't believe that this case has to be dismissed. I certainly agree with the court that Vasquez... I agree with... Mr. Walensky made the point that with respect to Vasquez, the sole object of the Hobbs Act robbery was related to drug proceeds, and his argument was this is distinct from that because racketeering is broader, and the court has said that as well more broadly. I think if, though, I think one looks at both the finding of drug trafficking as an object to the racketeering conspiracy, Judge Engelmeyer's description of the evidence and the actual evidence at trial, it is clear that the racketeering conspiracy in this case was about the object of selling drugs. And the court's example is well taken. I would mention another prominent piece of evidence at trial. What do you make of their saying that the discharge of the weapon had nothing to do with the narcotics conspiracy? That's what the jury said. Yeah. I mean, that's the odd thing. Look, this was tried pre-Davis, so I get it, and I understand, and I see how the judge charged the jury, and there was an appreciation that RICO was, you know, and hindsight's always 20-20, Mr. Nichols, okay? So we have the benefit of that as appellate judges. So I'm not being personally critical of you or the office, but you've got a situation where the jury, you're saying, oh, this is all inextricably bound together. One helps the other. But the jury managed to separate it. The jury managed to separate this. Mr. Hayward shot another guy for early fire. Mr. Hayward possessed guns. Mr. Hayward thought that the old gun was no good. He didn't like it. He raised hell with his compatriots that they should have better weaponry with regard to their gang. Guns are all over the place, and I agree with you, but the jury somehow managed to separate the drug conspiracy from the RICO. We agree that the jury certainly separated the discharge of a firearm from the narcotics conspiracy. And so we are conceding the enhancement. But prior to reaching the question of the discharge, the jury found that a gun was possessed in furtherance of either the racketeering conspiracy or the narcotics conspiracy. Agreed. But the facts in this case are that the racketeering conspiracy encompassed HADA as an object and was inextricably interwoven with the narcotics conspiracy. Inextricably interwoven in the same way that it was in Vasquez? Your Honor, I think that now all of a sudden we've got a term, inextricably interwoven. Vasquez, robbing drug dealers. Robbed drug dealers. Now you say inextricably interwoven. It makes some sense. Drugs and guns. Makes some sense. But the jury goes against a specific jury finding. And that's the thing that's so troubling. And the record also shows numerous incidents, the stabbing at the barber shop, various kind of fights over turf that weren't necessarily so obviously linked to drug dealing. There was a status war. Your Honor, the record does include a lot of incidents of violence. I would add that it also includes incidents of gun possession where that gun was not shown to be discharged. So, for example, the court will recall there was evidence of Mr. Hayward stabbing a gun in the light pole of the street where 18 Park dealt drugs and telling people you need a gun out here. They named that street after the drug proceeds they made on it. I would disagree with you. You're absolutely right about that. But the problem is that I have a hard time getting this into a Vasquez box. I agree with you that you have a lot of evidence back and forth on this. But this looks a little different than Vasquez because in Vasquez you couldn't do one without the other. Here the RICO is a broader, got a broader reach. Judge Carney pointed out the assault in the barber shop, the gunfight in the parking lot. When Hayward ultimately responded or throws the gun away and stuff like that. I mean, there are some things that are kind of like West Side Story-esque kind of experience, you know, sharks and whatever. So, I mean, it's not Vasquez, but you think it's close enough to Vasquez that somehow we have to look at the evidence and there's so much of it that the jury had to conclude that guns were used in furtherance of the conspiracy. I think it's a combination, Your Honor, of the evidence at trial and the jury's explicit finding that the drug trafficking was an object of the racketeering conspiracy. Judge Wesley pointed out, we don't have to guess what the jury could have found. We want to know what the jury actually did found. And they do recognize two separate conspiracies there. And given how the verdict sheet is set up, I agree with Judge Wesley that it's very difficult to say that the verdict is not ambiguous as to the objects for the in furtherance of a charge. There's nothing that rules out that they relied on the racketeering conspiracy rather than the narcotics conspiracy. In fact, the jury sheet suggests that they did rely on the one that's excluded by Davis now. Your Honor, the court's point is well taken. I would only say to that that when the jury, at the point where the jury specifically associated the discharge with strictly the racketeering conspiracy, that was at the point where they were only considering the enhancement. And our argument is that the racketeering conspiracy itself, again, was interwoven with a narcotics conspiracy. I would also just add that the, if I had mentioned this before, I apologize, but the Vasquez issue, I think, is presented in the other cases in the Davis queue in Chambers and Laurent. I just note that since Vasquez has come up a couple times. Thank you. Thank you, Your Honors. Any other minutes for rebuttal? Thank you, Your Honor. I don't think I need to hold two minutes. I think the rebuttal argument has already essentially been made here. As to the Davis queue issue, I'm not sure. I would certainly think that Your Honor's discretion would be more important than what I think with respect to that. I think that given the government's concession and given the fact that we have an unusual fact pattern here, perhaps you do want to wait to see how the other cases fall out. I'm waiting on a couple of those myself. But I think that I've made all the points that I need to make this morning, and the ones that I haven't made, Judge Wesley has. Thank you very much, sir. Let me just say to both of you, I can be difficult at times, and I apologize for that, particularly in these circumstances. That may be a first in the history of the Second Circuit. But it was well-argued and very well-briefed. It is an unusual, odd circumstance, and unfortunately for you, Mr. Nicholas, you have to be caught in it, and Mr. Wallerstein, you get to work on it. So I apologize. It's my privilege, always. I think that you've certainly taken a lot of time this morning, and everybody's been running over time, so I think unless you have any questions, I'm through. Thank you both, and it was very well-argued.